Opinion issued July 14, 2026



In The

# Court of Appeals

For The

## First District of Texas

_____

NO. 01-24-00823-CR
NO. 01-24-00824-CR

_____

**JOSEPH D. COFFER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1750158 and 1883223**

---

### MEMORANDUM OPINION

A jury found Joseph D. Coffer guilty of aggravated robbery with a deadly

weapon in two cause numbers and sentenced him to confinement for 20 years in

each cause, with the sentences to run concurrently.[1] The issue presented in this case is whether the admission of objected-to evidence was harmful despite the same evidence coming in elsewhere during the trial without objection.

Because we answer that question in the negative, we affirm.

## Background

On October 8, 2020, Coffer and two other individuals committed an aggravated robbery of two Loomis armored-truck carriers who were completing a coin pickup at a warehouse. As one of the Loomis employees was loading the coins into the back of the armored truck, a black Chevy Impala, driven by Coffer, approached at a high rate of speed and stopped behind the truck. Upon stopping, the two passengers opened the front and rear passenger doors and began shooting at the armored truck. One Loomis employee returned fire. After the exchange of gunfire, Coffer and his two passengers fled the scene in the Impala.

Over a year later, on October 15, 2021, Coffer was arrested on charges unrelated to this case. The next day he was brought before the magistrate judge and informed of his rights in accordance with Article 15.17 of the Texas Code of Criminal Procedure.[2] While filling out bail-order paperwork at the magistration,

---

[1]    *See* TEX. PENAL CODE § 29.03.

[2]    *See* TEX. CODE CRIM. PROC. art. 15.17.

2

Coffer checked a box requesting "the appointment of counsel to represent [him] in the county or district court if [he was] determined to be indigent." No counsel was appointed at that time. But it is undisputed that at the time Coffer requested counsel, he had not been arrested for, or charged in connection with, the aggravated robbery.

On December 6, 2021, Coffer was again arrested on unrelated charges. The next day, Houston Police Department detectives interviewed Coffer, during which he made incriminating statements regarding his participation in the aggravated robbery. Specifically, Coffer admitted to being the driver of the Impala. There is no dispute that, prior to making these statements, Coffer was *Mirandized* and waived his right to have an attorney present during the interview.

As a result, the State brought two charges against Coffer for aggravated robbery with a deadly weapon in the underlying cases.[3] Shortly thereafter, he was brought before the magistrate on the aggravated robbery charges and was appointed counsel to represent him in these cases.

Over Coffer's objection, Coffer's statements from the December 7 police interview were admitted as evidence during the underlying trial.[4] However, Coffer's

---

[3]   The two charges were based on the two Loomis employees present at the time of the robbery.

[4]   Specifically, the trial court admitted Exhibit 301, a video recording of the December 7 police interview.

previous sworn testimony, taken from another hearing, that he was the driver of the Impala during the robbery was admitted elsewhere at trial—without objection.[5] On appeal, Coffer challenges only the trial court's admission of his statements from the December 7 police interview.[6]

## Harmless Error

In his sole issue, Coffer argues that the trial court abused its discretion by admitting the evidence from the December 7 police interview because the statements were provided after he requested, but did not receive, legal counsel, in violation of Article 15.17 of the Texas Code of Criminal Procedure.[7] Accordingly, he contends

---

[5] The trial court also admitted Exhibit 196, a transcript from the adjudication hearing in the case against his half-brother, Destin Dixon, for the aggravated robbery. During that hearing Coffer ultimately testified about his involvement in the aggravated robbery, as well as about the statements he made during his December 7 police interview. Coffer objected only to the admission of Exhibit 196's page 21, which reflects Coffer's testimony about the statements he made during his December 7 police interview. Coffer conceded that the remainder of Exhibit 196, including this sworn testimony that he was the driver of the Impala, was admissible.

[6] Exhibit 301 and page 21 of Exhibit 196.

[7] Article 15.17 requires a magistrate to inform an arrestee of certain rights, including the right to retain counsel, the right to have an attorney present during any interview with peace officers, the right to remain silent, and the right to request appointment of counsel if they cannot afford it. *See* TEX. CODE CRIM. PROC. art. 15.17(a). In addition, "[i]f the person arrested is indigent and requests appointment of counsel," Article 15.17 requires the magistrate to "appoint counsel in accordance with Article 1.051." *Id.*

4

that this evidence should have been excluded under Article 38.23(a) of the Texas Code of Criminal Procedure.[8]

The State counters that Coffer failed to preserve his claim. And the State argues that, even if it was preserved, there was no violation.

Assuming without deciding that Coffer preserved error and that the trial court abused its discretion by admitting the evidence related to Coffer's statements during his December 7 police interview, the admission of this evidence was harmless because the same evidence was admitted elsewhere at trial without objection.

Non-constitutional error, as here, must be disregarded when it does not affect a substantial right. TEX. R. APP. P. 44.2(b).[9] "Substantial rights are affected if the error had a substantial and injurious influence on the judgment." *Prestiano v. State*, 581 S.W.3d 935, 944 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (citing *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010)). "[A]n error does not affect substantial rights if an appellate court has fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but a slight effect."

---

[8] *See* TEX. CODE CRIM. PROC. art. 38.23(a) ("No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.").

[9] When the trial court's error is the admission of evidence in violation of Article 38.23, an appellate court should review the harm based on the standards for non-constitutional error in Rule 44.2(b). *See Holder v. State*, 639 S.W.3d 704, 707 (Tex. Crim. App. 2022). Coffer concedes a harm analysis under Rule 44.2(b) is appropriate.

*Stredic v. State*, 663 S.W.3d 646, 655–56 (Tex. Crim. App. 2022). Further, the erroneous admission of evidence "will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). "This rule applies whether the other evidence was introduced by the defendant or the State." *Id.*

At an adjudication hearing for Coffer's co-defendant Destin Dixon for the same aggravated robbery, Coffer testified as a witness and admitted to being the driver of the Impala during the aggravated robbery:

> Q.   So when I show you what's in evidence of October 8th, dark vehicle with individuals in it that are robbing this Loomis truck, do you know the individuals in that truck—in that car?"
>
> . . .
>
> A.   Yes, sir, I do.
>
> . . .
>
> Q:   [W]ho's driving this car?
>
> A:   I am.
>
> Q:   You, Joseph Coffer, are driving this dark car?
>
> A:   Yes, sir.
>
> Q:   Earlier, when you testified that you didn't know and that you just kind of recognized the make and model, are you changing your answer now?
>
> A:   The thing is, sir, I was forced and threatened to say everything about this car.

6

Q: Right now, I'm asking you: who drove that car? I'm not forcing you to answer. I'm asking you who drove that car that day. Right now, who's driving this car? You just said it was you.

A: It was me.

Q: And then previously, you had said that you didn't know. And I'm asking you: Are you changing your answer to, "It was me"?

A: I'm going to keep it as it's me, yes, sir.

The entirety of the transcript from this hearing was admitted into evidence as Exhibit 196 and read aloud before the jury at the underlying trial. Coffer objected to the admission of page 21 of this exhibit—which contained Coffer's testimony related to the specific statements he made during the December 7 police interview— but he conceded that the remainder of Exhibit 196 was admissible, including the portion of the transcript excerpted above.

We conclude that any error in the admission of Coffer's statements from the December 7 police interview would have had but a slight effect on the jury's determination of guilt because Coffer's confession that he was the driver of the Impala was admitted into evidence elsewhere at trial without objection. *See Leday*, 983 S.W.2d at 718. Therefore, we hold that any error in the admission of the evidence from the December 7 police interview was harmless. *See* TEX. R. APP. P. 44.2(b).

We overrule Coffer's sole issue.

7

## Conclusion

For the reasons above, we affirm the trial court's judgments of conviction in all things.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).